**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KYLE BARROW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-200 |
| | § | |
| DAVID SUTTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Kyle Barrow sued Chris and David Sutton, d/b/a Street Rod Garage, and Paul Atkins, d/b/a

Paul Atkins Interiors & Seats, alleging claims under the Texas Deceptive Trade Practices Act, fraud,

breach of warranty, breach of contract, money had and received, and promissory estoppel.  The

allegations arise out of work Barrow hired the defendants to do on his 1969 automobile.  The

Suttons and Atkins live and work in Alabama, which is where the work at issue was done.  Barrow

is in Texas.

Paul Atkins moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), lack

of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), and failure to

state a claim under Rule 12(b)(6).  (Docket Entry No. 8).  Barrow has responded.  (Docket Entry No.

15).  Based on the pleadings, the motion and response, the parties' submissions, and the applicable

law, this court grants Atkins's motion to dismiss for lack of personal jurisdiction under Rule

12(b)(2).  The reasons are explained below.

**I.      Background**

Kyle Barrow is a resident of Houston, Texas.  In 2008, Barrow hired David Sutton and Chris

Sutton, d/b/a Street Rod Garage, to build a full frame for his 1969 Chevrolet Camaro.  (Docket Entry

No. 1, at 3).  Street Rod Garage is located in Grant, Alabama.  (Docket Entry No. 10, at 3).  In June

2009, Street Rod Garage asked Barrow to allow them to complete a full custom build of the Camaro.

Barrow agreed.  (Docket Entry No. 1, at 3).  In February 2010, Street Rod Garage asked Barrow if

they could repaint the Camaro.  (*Id.* at 4).  Barrow alleges that Chris Sutton quoted the repainting

work at $10,000 but Street Rod Garage billed $56,730.  (*Id*.).  Barrow also alleges that after he

authorized the repainting in March 2010, Street Rod Garage failed to update him on the progress and

continued to bill him for work performed, despite his complaints about the costs.  (*Id.* at 5).

Chris Sutton recommended that the interior of the Camaro be refinished by defendant Paul

Atkins, d/b/a Paul Atkins Interiors & Seats.  (*Id*. at 6).  Atkins has a website advertising his services,

all of which are performed at his place of business in Hanceville, Alabama.  (Docket Entry 8–1, at

2).  Barrow approved outsourcing this work based on Chris Sutton's $14,000–$16,000 estimate.

Barrow directed the Suttons not to take delivery of the Camaro from Atkins until after he had a

chance to inspect the interior.  (Docket Entry No. 1, at 6).  During the interior-restoration process,

Barrow asked Atkins's foreman, "Rick," for updates on the project and instructed Rick to contact

him two weeks before delivery to allow him to inspect the car.  (*Id*.).  Barrow alleges that Atkins did

not provide billing updates or notice of completion before redelivering the Camaro to Street Rod

Garage.  Atkins billed Barrow $32,956.00 for the interior-restoration work, far more than Chris

Sutton had quoted.  (*Id*.).

The Camaro remained under the Suttons' supervision until March 2013, when it was returned

to Barrow.  (*Id*. at 8).  The Camaro was not delivered in an enclosed trailer, as David Sutton

originally promised.  Instead, it was shipped in an open flatbed trailer and arrived covered in road

grime, with paint chips, and interior water damage.  (*Id.*).  Barrow alleges that he cannot drive the

vehicle because it failed the Texas safety inspection test.  (*Id.* at 9).

On April 29, 2013, Barrow sent Chris Sutton a preliminary list of billed-for parts that were

not on the Camaro, uncorrected overcharges and credits not given as promised, and items charged

that were not completed as requested.  According to Barrow, Chris Sutton did not offer acceptable

solutions to these issues.  (*Id.* at 9).  In total, Barrow paid $155,255.30 to Street Rod Garage and

$32,956.00 to Atkins for the Camaro project.  (*Id.* at 12).

On January 29, 2014, Barrow sued the Suttons and Paul Atkins.  His complaint includes a

list of 70 separate problems with the Camaro that have not been corrected.  (*Id.* at 9–12).  Barrow

asserts claims under the Texas Deceptive Trade Practices Act, fraud, breach of warranty, breach of

contract, money had and received, and promissory estoppel.  (*Id.* at 12–15).  He alleges that Street

Rod Garage conspired with Atkins to convince Barrow to have Atkins complete the interior of the

Camaro.  (Docket Entry No. 13, Ex. A at 3).

Atkins has moved to dismiss the claims against him under Rules 12(b)(1), 12(b)(2), 12(b)(3),

and 12(b)(6).  (Docket Entry No. 8).

II.     **Analysis**

A.     **The Legal Standard for Personal Jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of

establishing a district court's jurisdiction over a non-resident."  *Johnston v. Multidata Sys. Int'l

Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  A plaintiff must make a prima facie showing that the

defendant is subject to personal jurisdiction; "[p]roof by a preponderance of the evidence is not

required."  *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *D.J. Invs. Inc. v. Metzeler*

*Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545–46 (5th Cir. 1985)).  At the motion stage of litigation, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor."  *Id.*

"A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).  The Texas long-arm statute extends to the limits of due process.  *Id.*  To satisfy the requirements of due process, the plaintiff must demonstrate "(1) that the non-resident purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'"  *Johnston*, 523 F.3d at 609 (citation omitted).  "A defendant establishes minimum contacts with a state if 'the defendant's conduct and connection with the forum state are such that [he] should reasonably anticipate being haled into court there.'"  *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 379 (5th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  "There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).

A court may exercise general jurisdiction over a nonresident defendant "to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render [him] essentially at home in the forum State."  *Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

4

Specific personal jurisdiction "is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear*, 131 S. Ct. at 2851 (citation omitted).   The question is "whether there was 'some act by which the defendant purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id*. at 2854 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).   "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

A court considers two issues in deciding whether a defendant's suit-related conduct creates a sufficient relationship with the forum state. *See id*. at 1122.   "First, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Id*. (quoting *Burger King*, 471 U.S. at 475).   The limits imposed on a state's "adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of the plaintiff[] or third parties." *Id*. (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980)).   The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id*. (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).   The "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Id*.   "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id.* (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).

"Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. (citations omitted). A "plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. "[A] defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id*. at 1123. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id*. (quotation omitted); *see AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 787 (S.D. Tex. 2013) ("[S]pecific jurisdiction may not be based on the mere fortuity that a plaintiff is a Texas resident").

### B.    General Personal Jurisdiction

This court does not have general jurisdiction over Atkins. Atkins is in no sense "at home" in Texas, despite having a website that is accessible to Texas residents and performing custom interior work for Texas residents. He lives in Alabama and conducts all of his work at his shop in Hanceville, Alabama. (Docket Entry No. 8–1, at 1–2). He has never conducted any of his business in Texas. (*Id*. at 2). This court may not exercise general personal jurisdiction over him.

### C.    Specific Personal Jurisdiction

Barrow has not made a prima facie showing of specific personal jurisdiction over Atkins. The fact that Atkins has performed work for other Texas residents in the past is insufficient to demonstrate that he created "continuing relationships and obligations" with citizens of Texas.

6

*Burger King*, 471 U.S. at 473.  "[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction . . . in a cause of action not related to those purchase transactions."  *Helicopteros*, 466 U.S. at 418.  These transactions appear to represent "random, fortuitous" contacts that do not support exercising specific personal jurisdiction. There is no indication that Atkins's connections with Barrow in Texas in this case were "purposefully established."  *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 221 (5th Cir. 2012).  Atkins did not reach out to Barrow in Texas for business; the Suttons recommended Atkins to Barrow.  The only interactions between Atkins and Barrow shown in the record are conversations between Barrow and Atkins's foreman and a single email from Barrow to Atkins.  (Docket Entry No. 8–1, at 2).  This is not enough to establish minimum contacts between Atkins and Texas.

The fact that Atkins operates a website does not change the analysis.  *See Pervasive Software*, 688 F.3d at 226–27 ("[T]he analysis applicable to a case involving jurisdiction based on the Internet . . . should not be different at its most basic level from any other personal jurisdiction case.").  To determine whether a potential defendant's online presence gives rise to personal jurisdiction, the Fifth Circuit "look[s] to the 'nature and quality of commercial activity that an entity conducts over the Internet.'" *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).  As the Fifth Circuit has explained, a "passive website, one that merely allows the owner to post information on the internet . . . will not be sufficient to establish personal jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (quotations omitted).  Atkins's website, http://www.dashworksbypaulatkins.com, is passive.  The site includes a phone number, fax number,

and email address to contact Atkins's business and provides the Alabama address where he performs his work. No sales can be carried out on the website. The Fifth Circuit has held that internet advertisements alone are insufficient to establish minimum contacts. *See, e.g., Mink*, 190 F.3d at 336. The exchange of information over a website that "neither allows users to purchase products online, nor sells subscriptions to view its content" cuts against the exercise of personal jurisdiction. *Ward v. Rhode*, 544 F. App'x. 349, 353 (5th Cir. 2013) (unpublished).

Because Atkins has not established minimum contacts with Texas, this court does not have personal jurisdiction over him. The claims against him are dismissed, without prejudice. The motions to dismiss for lack of subject-matter jurisdiction, venue, and failure to state a claim are moot.

## III.    Conclusion

Atkins's motion to dismiss is granted.

SIGNED on July 11, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

8